ALTENBERND, Judge.
This appeal involves the same parties and the same underlying case as McDaniel Ranch Partnership v. McDaniel Reserve Realty Holdings, LLC, 100 So.3d 120 (Fla. 2d DCA 2012), in which a separate opinion is being issued on the same day as this opinion. This appeal involves proceedings in the trial court that occurred during the pendency of the appeal in case number 2D10-2414 as a result of an order of relinquishment issued by this court. We conclude that the trial judge did not err in denying a motion to disqualify himself that was filed during these relinquishment proceedings and that the trial court appropriately entered the order of clarification.
*119 These appeals involved a moderately complex purchase and sale agreement by which the parties identified as McDaniel Reserve Realty Holdings agreed to purchase extensive real estate holdings in Hendry County from the parties identified as McDaniel Ranch Partnership. The agreement involved multiple closings and real estate with complex legal descriptions. Problems arose between the parties after the second closing. Ultimately, the problems resulted in legal actions and the entry of a final judgment in favor of McDaniel Reserve Realty Holdings that required specific performance and thus a “third closing” on a specific real estate parcel with an exceptionally complex legal description.
While that final judgment was pending on appeal in this court, the closing agent determined that there were relatively small discrepancies in the description of the property in the final judgment. The problem involved a survey and a legal description in exhibit 119.
As a result, McDaniel Reserve Reality Holdings filed an unopposed motion in this court in the earlier appeal asking this court to relinquish jurisdiction to the trial court so that it could resolve a motion to clarify the final judgment. This court relinquished jurisdiction and authorized the trial court to rule on the motion.
When this court relinquished jurisdiction, we did not anticipate that the hearing would be difficult. The trial court had already made its ruling; it merely needed to clarify the precise description of the land involved in the closing by specific performance. Unfortunately, the issue became more complex as the parties attempted to relitigate matters and conduct evidentiary hearings that were more extensive than contemplated by either this court or the trial court.
There is little question that the trial court demonstrated impatience in this process. The trial court, as a court of record, needed to resolve the matter in proceedings that were open to the parties and to the public and that allowed for the creation of an adequate record. On the other hand, the motion to disqualify filed by McDaniel Ranch Partnership was not a proper vehicle to address the trial judge’s impatience in this context. As a practical matter, this court relinquished jurisdiction for the trial judge to clarify his ruling. His impatience in the process may have created issues for appeal, but no other judge could clarify his ruling. McDaniel Ranch Partnership was aggrieved by the trial judge’s final judgment, and it used the motion to disqualify at this late stage in the proceedings essentially as a method to attempt to force a new trial that might reach a more favorable outcome. The trial court did not err in denying this motion.
As to the order of clarification, we first note that it is doubtful this order is properly appealable as a separate, second appeal. We relinquished jurisdiction in the first appeal to allow the trial judge to amend, if appropriate, the final judgment that was pending on appeal. We are inclined to believe that once the trial court performed that function and jurisdiction returned to this court, the order on appeal in the first appeal became the final judgment as clarified. Thus, the issues relating to the clarification should have been raised and briefed in the first appeal.
Given that this court placed both cases on the same docket for review by the same panel, it is not critical that we decide whether the clarification is to be reviewed by the panel in this appeal or the panel in the first appeal. Suffice it to say that we have reviewed the more than one hundred volumes of record in this appeal and conclude that the trial court’s clarification of *120 its final judgment results in a judgment consistent with the ruling that we affirm in the first appeal. Finding no harmful error in this record, we affirm the final judgment as amended on relinquishment.
Affirmed.
KHOUZAM and BLACK, JJ., Concur.